## MONTOYA et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 16, 1919.)

### No. 5202.

1. CONSPIRACY ⬿43(5)—OVERT ACT NEED NOT BE ALLEGED.

An indictment under Criminal Code, § 19 (Comp. St. § 10183), for conspiracy to injure, oppress, threaten, and intimidate a citizen in the free exercise of a right secured to him by the laws of the United States, is not required to allege an overt act.

2. INDICTMENT AND INFORMATION ⬿110(3)—STATUTORY LANGUAGE SUFFICIENT.

An indictment which follows the language of the statute is sufficient in substance, and is not subject to attack, after verdict and judgment, on the ground that it is not sufficiently specific.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Criminal prosecution by the United States against C. C. Montoya and Anastacio Sereseres. Judgment of conviction, and defendants bring error. Affirmed.

A. B. Renehan, of Santa Fé, N. M. (M. C. Spicer, of Socorro, N. M., and Carl H. Gilbert, of Santa Fé, N. M., on the brief), for plaintiffs in error.

Henry G. Coors, Jr., Asst. U. S. Atty., of Albuquerque, N. M. (Summers Burkhart, U. S. Atty., of Albuquerque, N. M., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. Error by C. C. Montoya and Anastacio Sereseres from conviction for conspiracy to injure, oppress, threaten, and intimidate Rosetta M. Reed in the free exercise and enjoyment of his rights to make effectual a homestead entry.

The errors relied upon are insufficiency of the indictment, and insufficiency of the evidence. The indictment was under section 19 of the Criminal Code (Comp. St. § 10183). The portion of the statute hereof moment is:

---

"If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States," they shall be punished.

The indictment outlines the homestead entry of certain described public lands by Reed, and that he was residing thereon for the purpose of complying with the laws respecting homestead entries, and securing a patent therefor, and that upon a certain date defendants and two others conspired "to injure, oppress, threaten, and intimidate" Reed in the free exercise and enjoyment of his right to reside upon, cultivate, and improve the land, and mature his title to it as a homestead. The accused challenges the sufficiency of this indictment on these grounds:

"(a) It does not aver an overt act.

"(b) It does not go into particulars of the crime.

"(c) It does not define the oppression, intimidation, injury, or threat which is pretended to have been exerted, and does not descend into particulars in these respects or any of them.

"(d) There was no specification of the manner in which the homestead entryman was to be oppressed, or injured, or intimidated, or threatened, in the right to make a homestead entry (which in fact had already been made), or in the right to reside, cultivate, and improve, or in the right to mature title, or to what end or purpose, if at all, whether to prevent the fulfillment of his duties as a homesteader, or to drive him away from the land, by ill treatment or unneighborliness, or by active interference with his possessory rights."

[1, 2] The statute does not require an overt act as an element of the crime. The conspiracy alone completes the crime. The other specifications may be generalized as objections that the indictment is not sufficiently specific. There was no attack upon this indictment before trial, and it is to be deemed sufficient, unless it is defective in substance. Dunbar v. United States, 156 U. S. 185, 191, 15 Sup. Ct. 325, 30 L. Ed. 390. The indictment closely follows the wording of the statute, and is therefore sufficient as to its substance, and is not subject to the attack made upon it after verdict and judgment. Smith v. U. S., 157 Fed. 721, 725, 85 C. C. A. 353.

A careful reading and study of the entire evidence is convincing of its sufficiency to sustain the verdict.

The judgment is affirmed.