## ROBERTS v. UNITED STATES (four cases).*

(Circuit Court of Appeals, Eighth Circuit.    September 11, 1922.)

### Nos. 5843–5846.

1. Conspiracy ⬅️43(8)—Indictments held sufficient.

Indictments under Penal Code, § 19 (Comp. St. § 10183), for conspiracy to injure persons in exercise of civil rights, which charged that defendants conspired to prevent persons named from acquiring title to land under the Homestead Law, by instigating fictitious contests and by interfering with the occupation and improvement of the land as set out, *held* sufficient.

2. Criminal law ⬅️1038(3), 1059(2)—Instructions not reviewable on general exception.

A charge will not be reviewed where the only exception was a general one and no instructions were requested by defendants.

3. Criminal law ⬅️1209—Sentence held excessive as possibly imposing double punishment.

Where defendant was convicted on two indictments, one charging conspiracy against one person and the other a conspiracy against such person and others, and under the evidence and instructions both verdicts may have been founded on the same conspiracy against the one person only, but a single sentence should have been imposed.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Criminal prosecutions by the United States against George F. Roberts and Ernest W. Roberts. Judgments of conviction, and defendants bring error. Reversed and remanded for correction of sentence.

The plaintiffs in error were represented at the trial of the case by other counsel than now appears for them.

Horace N. Hawkins, of Denver, Colo., for plaintiffs in error.

Walter F. Daly, Asst. U. S. Atty., of Denver, Colo. (J. Foster Symes, U. S. Atty., and Otto Bock, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. [1] Each of the plaintiffs in error was found guilty under two indictments charging criminal conspiracy, and each prosecutes error from the judgments. The two cases were consolidated for trial and tried at the same time. The indictments were drawn to state an offense under section 19 of the Penal Code (Comp. St. § 10183), which provides both fine and imprisonment if "two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege se-

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied November 27, 1922.

cured to him by the Constitution or laws of the United States, or because of his having so exercised the same." By a motion in arrest of judgment the sufficiency of the indictments was assailed, and the overruling of this motion is assigned as error. One of the indictments alleges that John W. Street was a citizen of the United States and had filed his application and affidavit at the United States Land Office at Denver, Colo., for a homestead entry upon designated land, and that this entry was allowed by the land office, and had also filed an additional homestead application together with his petition for designation of other land therein. It is alleged that these lands were part of the surveyed domain of the United States unreserved and unappropriated and subject to filing and entry under the public land laws of the United States, and that Street was duly qualified as an entryman, and that he was engaged in making actual settlement, improvement, and cultivation of this land as a homestead in order to obtain a patent thereto. The indictment then charges that plaintiffs in error and others unlawfully conspired to injure, oppress, threaten, and intimidate Street by entry upon these lands, tearing down and destroying the fences on the lands, injuring and driving away live stock belonging to Street, threatening him and his property, driving and grazing other persons' cattle upon the lands, and by instigating fictitious protests and contests in the land office against the entries of Street, with the intent on the part of the conspirators to prevent and interfere with Street's free exercise and enjoyment of the rights and privileges secured to him by the Constitution and laws of the United States, and because of his having exercised the same, that is, the right and privilege to make homestead entries on these lands, to settle, cultivate, graze, and improve them and to mature title to himself to these lands. The particular acts of Congress under which Street claimed these rights are then stated by the dates of enactment.

The other indictment alleges the same application, entry, settlement, improvement, and cultivation of these lands by Street and similar applications and entries of public lands by three other homestead entrymen, with similar allegations as to their settlement, improvement, and cultivation by them. The conspiracy in this indictment is charged to have been directed against these four entrymen, and is stated in substantially the same terms as to the objects and the acts to be done as in the other indictment. Plaintiffs in error allege that these indictments do not directly charge a conspiracy to threaten or intimidate the entrymen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. The indictments set forth facts showing rights under the laws of the United States to settle upon and peacefully occupy the entered lands, and a conspiracy to injure and intimidate the entrymen by preventing them from exercising these rights; it alleges a conspiracy to instigate fictitious protests and contests against these entries. While the right to peacefully occupy these lands or to be free from fictitious contests is not directly alleged to be secured to the entrymen by the laws of the United States, this legal conclusion is necessarily implied from the facts alleged as to entry and settlement.

283 F.—61

A conspiracy to injure or intimidate such entrymen in the free exercise or enjoyment of their rights under the homestead laws of the United States necessarily is a conspiracy which intends to interfere with the free exercise of such rights, and the indictments charge that the conspirators intended to prevent and interfere with the exercise of these rights. As against a motion in arrest of judgment the indictments were sufficient, in view of the provisions of section 1025 of the Revised Statutes (Comp. St. § 1691) and of section 269 of the Judicial Code (Comp. St. § 1246). Harrington v. United States (C. C. A.) 267 Fed. 97.

[2] A number of assignments of error challenge the instructions given to the jury. It is asserted that erroneous statements were made and that further instructions should have been given. The only exception to the charge was a general one, such as is condemned by Rule 10 of the rules of the Circuit Court of Appeals for this circuit (188 Fed. ix, 109 C. C. A. ix). No instructions were requested on the part of the defendants. Fairness to the trial court requires that an opportunity be given to the court to make correction of statements in the charge or to consider further instructions that might be given. The objections to the instructions in this case have been considered, and no error in them affecting the substantial rights of the defendants and calling for reversal appears to have been committed.

[3] Separate verdicts finding the plaintiffs in error guilty as charged in the indictments were returned by the jury and the court entered separate sentences under each indictment. Each of the defendants was sentenced to the same term of imprisonment under the one indictment as under the other and the terms were made to run concurrently. Each of the defendants was also sentenced to pay a fine in each case, but the amount of the fine under one indictment differs from the amount of the fine imposed under the other indictment. Exception was taken to the sentences upon the ground that double punishment was imposed for one offense and the question is presented by assignment of errors. The indictments charged two conspiracies, one to injure and intimidate Street in the exercise of a federal right, and the other to injure and intimidate Street and others in the exercise of similar rights. Under the evidence the jury could have found both conspiracies to have existed, but the instructions of the court did not inform the jury that, if the conspiracy related only to Street, there should then be only one verdict. As the indictment and the evidence permit the inference that the verdicts may both be founded upon one conspiracy relating only to Street, there should have been but one term of imprisonment for each of the plaintiffs in error and but one fine imposed on each of them. As the sentences of imprisonment are for the same term and run concurrently, no error can be predicated upon this portion of the sentence; but, because the fines imposed differ under the two indictments, the cases will be remanded, with instructions to the court to impose one fine, in addition to the sentence of imprisonment, upon each defendant. Some other questions have been presented but do not require special consideration.