### HAWKINS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 23, 1923.)

No. 4086.

1. **Criminal law** ⊛⇒419, 420(2)—**Statements made to witness held not subject to objection as hearsay.**

Under an indictment for conspiracy to injure, oppress, and intimidate a citizen for exercising a right secured to him by the Constitution and laws, to wit, the right to give information to a prohibition agent of the location of an illicit still, a question to the prohibition agent as a witness, asking him to state what the informer told him, was not subject to the objection of hearsay; the fact of the information and its substance being the matter in issue, and not its truthfulness.

2. **Criminal law** ⊛⇒822(1)—**Instructions to be read as a whole.**

Statement in instructions *held* not erroneous, read in connection with the remainder of the charge.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Criminal prosecution by the United States against Harper C. Hawkins and others. Judgment of conviction, and defendants bring error. Affirmed.

Ben F. Ray, of Birmingham, Ala. (Roderick Beddow, of Birmingham, Ala., on the brief), for plaintiffs in error.

Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge. The plaintiffs in error were convicted under an indictment charging violations of section 19 of the Penal Code (Comp. St. § 10183), by conspiring to injure, oppress, threaten,

or intimidate Vann Walker, a citizen of the United States, because of his having exercised a right secured to him by the Constitution or the laws of the United States, to wit, the right of reporting to a named federal prohibition agent the location of stills for the manufacture of intoxicating liquor in violation of the laws of the United States.

[1] A witness for the prosecution, after stating that he was federal prohibition agent for the state of Alabama on December 28, 1921, and that on that day Vann Walker came to his office in the Federal Building in Birmingham, was asked questions calling for what Vann Walker then stated or reported to him. Objections to those questions on the ground that they called for hearsay testimony were overruled. We are not of opinion that those questions were subject to objection on the ground mentioned. Counts of the indictment contained allegations to the effect that on the day mentioned Vann Walker reported to and informed the witness, who was then and there a federal prohibition agent for the state of Alabama, an officer of the United States, duly and legally acting as such in the discharge of his duties as such officer, as to the location of certain stills for the manufacture of intoxicating liquor in violation of a law of the United States. Testimony of the witness as to his receiving such report or information was admissible, though the testimony as to what the informer stated was not legal evidence of the truth of his statements. As to the fact of the informer making the report, the testimony called for derived its value solely from the credit to be given to the witness himself, with the result that as to that fact the testimony called for and elicited was not hearsay. 2 Jones, Commentaries on Evidence, § 297. It was permissible to prove the making of such a report to the federal prohibition agent, a fact alleged in the indictment.

[2] There was undisputed evidence of the existence of a conspiracy between some of the defendants to injure Vann Walker by whipping him, and that some of the defendants took part in the whipping in pursuance of the conspiracy. The charges made in the indictment were resisted principally on the ground that such conspiracy was entered into because of Vann Walker making offensive remarks about a girl, and not because of his furnishing information to a federal official as to the location of illicit stills. An exception was reserved to the following portion of the court's oral charge:

"Hawkins, Ray, and Martin do not deny that two of them actually punished him, and that they discussed what was to be done before it was done, and they may well be said to have entered into a conspiracy."

It has not been contended that the statement of fact made in that portion of the charge was incorrect. The correctness of the expressed conclusion from the facts so stated is unquestionable. The quoted statement was made under circumstances negativing the conclusion that it conveyed to the jury the impression that the named defendants did not deny that they entered into a conspiracy charged in the indictment, as other portions of the court's charge plainly made known to the jury that the defendants denied their guilt of the charges made, and that to warrant a verdict of guilty against them, or any of them, the jury must find from the evidence that the conspiracy to injure Vann Walker was

because of his reporting to a federal official as to the location of illicit stills.

As to other rulings complained of, it is enough to say that none of them involved reversible error.

The judgment is affirmed.