## GOODE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 10, 1926.)

No. 7136.

1. Indictment and information ⇐202(1).

Where sufficiency of indictment was not challenged until after conviction, any defects therein were cured by verdict.

2. Criminal law ⇐1030(1)—Circuit Court of Appeals will not consider errors respecting matters as to which no instructions were requested nor exceptions saved (C. C. A. rule 24).

Under rule 24, Circuit Court of Appeals will not consider errors assigned respecting matters as to which no instructions were requested, nor exceptions saved to those given by court, or to which no objections or exceptions were taken during trial.

3. Criminal law ⇐878(1)—Under information charging unlawful possession of liquor in second count, and maintaining liquor nuisance in third count, sentence fixing punishment at fine on second count, and six months' imprisonment and fine on third count, held at least ambiguous as to whether imprisonment was unlawfully imposed on second count, and clause as to imprisonment will be eliminated (National Prohibition Act, tit. 2, §§ 3, 21, 29 [Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½jj, 10138½p]).

Where information charged unlawful possession of intoxicating liquor in second count, and maintenance of liquor nuisance in third count, in violation of National Prohibition Act, tit. 2, §§ 3, 21, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½jj, 10138½p), sentence fixing accused's punishment "at a fine of $200 on the second count, * * * and six months' imprisonment, * * * from this date, without costs, and a fine of $500 on the third count," held at least ambiguous as to whether imprisonment was imposed on second count in violation of section 29, or validly on third count, and clause as to imprisonment will therefore be eliminated.

4. Criminal law ⇐893.

Though punctuation may be wholly disregarded, if it obstructs clear meaning of verdict it is an aid to correct interpretation, when properly used.

5. Criminal law ⇐878(1)—If sentence of imprisonment is ambiguous as to which count of information it should be applied, it is not good as to either.

If sentence of imprisonment is ambiguous, and indefinite as to which count of information it should be applied, it is not good as to either, and it need not specifically and conclusively appear that imprisonment was imposed on wrong count.

In Error to the District Court of the United States for the Western District of Missouri; Merrill E. Otis, Judge.

George Goode was convicted of unlawfully possessing intoxicating liquor, and of maintaining a nuisance where intoxicating liquors were kept and sold, and he brings error. Judgment and sentence modified, and, as so modified, affirmed.

Walter A. Raymond, of Kansas City, Mo., for plaintiff in error

Roscoe C. Patterson, U. S. Atty., and Harry L. Donnelly and S. M. Carmean, Asst. U. S. Atty., all of Kansas City, Mo.

Before SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge.  [1, 2] Plaintiff in error was convicted and sentenced on the second count of an information which charged him with the unlawful possession of intoxicating liquor, to wit, one half pint of whisky, and also on the third count, which charged him with maintaining a nuisance, that is, a place in Kansas City where intoxicating liquors were kept and sold. National Prohibition Act, title 2, §§ 3, 21 and 29, 41 Stat. 316 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½jj, 10138½p). The sufficiency of the indictment was not challenged until after conviction, and its defects if any were cured by the verdict. No instructions were requested by defendant, no exceptions were saved to those given by the court, and no objections or exceptions were taken during the progress of the trial to the action of the court; and we will not consider the errors assigned as to those subjects. Court rule 24.

[3] Section 29 of the Prohibition Act limits the punishment that may be imposed for the first offense charged in the second count to a fine, for the one charged in the third count the punishment may be either fine or imprisonment, or both. Counsel for plaintiff in error contends that the court imposed both fine and imprisonment on the defendant under the second count, and thus exceeded its jurisdiction. The district attorney insists that this is not a correct interpretation of the sentence, that the imprisonment was imposed for the offense charged in the third count, and only a fine of $200 was assessed against the defendant on the second count. The sentence reads this way:

"This day comes Charles C. Madison, United States attorney, also comes the defendant in person and with counsel, and it appearing that on the 26th of May, 1925, the defendant was tried by a jury and found guilty on the second and third counts of the information herein, and the United States attorney now moves for sentence, and the defendant being called upon to state reasons, if any he has, why sentence should not now be pronounced upon him and none being stated, and the court being fully advised in the premises fixes the punishment of the said George Goode at a fine of $200 on the second count of the information, and six months' imprisonment in the Cole county jail at Jefferson City, Missouri, from this date, without costs, and a fine of $500 on the third count of the information.

"It is therefore ordered by the court that the United States marshal take and deliver the body of him, the said George Goode, into the custody of the jailer of said Cole county for safe-keeping for a period of six months from this date. It is further ordered by the court that the defendant be further confined in said jail until the fine so assessed is paid or until released by due process of law."

[4, 5] It seems plain to us that the language used does not make it clear and definite whether the six months' imprisonment was imposed on the second or third count. To say the least it is ambiguous. We are disposed to accept the contention of counsel for plaintiff in error as being a fairer and better interpretation than that of the district attorney. The $200 fine and six months' imprisonment are closely connected with the second count. The $200 fine and six months' imprisonment, in close connection with the second count, are separated from the third count and the $500 fine by two interposed clauses, "from this date" and "without costs." Also, while punctuation may be wholly disregarded if it obstructs the clear meaning (Chicago, etc., Ry. Co. v. Voelker, 129 F. 522, 527, 65 C. C. A. 226, 70 L. R. A. 264), still, it is a useful art and an aid to correct interpretation when properly used. Here it was not inappropriately used, considering the arrangement and separation of the clauses, already referred to, and it strengthens the interpretation which we have indicated. As we understand the rule, it need not specifically and conclusively appear that the imprisonment was imposed on the wrong count, but if it be indefinite and ambiguous as to which count it should be applied it is not good as to either, but void. 3 Wharton Crim. Law (7th Ed.) § 3407; 16 C. J. § 3078; 19 Encyc. Pl. & Pr. p. 476.

The sentence is therefore modified by eliminating the clause as to imprisonment (Salazar v. United States, 236 F. 541, 149 C. C. A. 593), and as modified the judgment and sentence is

Affirmed.