**MALINOW et al. v. UNITED STATES.**

No. 2949.

Circuit Court of Appeals, Fourth Circuit.

June 23, 1930.

R. Palmer Ingram, of Baltimore, Md. (Harry O. Levin, of Baltimore, Md., on the brief), for appellants.

William C. Purnell, Asst. U. S. Atty., of Baltimore, Md. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and BAKER and GRONER, District Judges.

GRONER, District Judge.

Samuel Malinow and Louis Malinow were jointly indicted in the District Court in Baltimore for violating the National Prohibition Law. The trial took place November 1, 1929, at which time Louis Malinow pleaded guilty, and Samuel Malinow pleaded not guilty, and was convicted. On November 4, following, a motion in arrest of judgment was presented on behalf of both Samuel and Louis Malinow, which was overruled by the District Court, and sentence was imposed on both. They both appealed. The grounds of appeal are, first, that the indictment does not state sufficient facts to constitute a crime, and, second, that the facts stated are not sufficient to notify the defendants of the nature and cause of the accusation against them. The indictment contained two counts. The first charged that the defendants on the 23rd of April, 1929, "in Harford County, in the State of Maryland and District aforesaid, did unlawfully have in their possession certain intoxicating liquor, to-wit, 24-5 gallon cans of alcohol, 5-5 gallon cans of alcohol a more particular description of said intoxicating liquor being to the Grand Inquest aforesaid unknown, the possession of said intoxicating liquor as aforesaid being then and there prohibited and unlawful," etc. The second charged that the defendants on the same day, in the same county, state, and district, "did unlawfully transport certain intoxicating liquor, to-wit, 24-5 gallon cans of alcohol, 5-5 gallon cans of alcohol * * * the transportation of said intoxicating liquor as aforesaid being then and there prohibited and unlawful," etc.

It is well settled that the purpose of an indictment is twofold; first, to inform the accused of the charge against him so that he may make his defense; and, second, to describe the offense with such particularity that a conviction may be pleaded in bar of a subsequent prosecution for the same offense. U. S. v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619. Applying this test, we think the indictment sufficient in form and substance.

Section 32, title 2, of the National Prohibition Act (27 USCA § 49), reads in part as follows: "It shall not be necessary in any * * * information, or indictment * * * to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful."

In the case of Hovermale v. United States, 5 F.(2d) 587, this court had occasion, in a case much like this, to interpret this section of the Prohibition Law, and we there held that, as a question of pleading, the statute

makes any possession of intoxicating liquor a crime, if alleged by the United States Attorney or the grand jury to have been unlawfully possessed, and likewise that any fact which makes the possession of intoxicating liquor lawful is a matter of defense. Adhering to this view of the law, as we think we should, we are unable to say that the indictment here, skeletonized as it may be said to be, fails to supply the necessary elements of the offense charged, or that it is not in itself sufficient to protect the defendant against a subsequent prosecution for the same act. The fact that it fails to charge the commission of the offense in a particular place or subdivision of the county, or to describe in detail in what way or why possession of the intoxicating liquor was unlawful, or in what way or by what means it was transported, we think will not justify, after plea and trial in the one case, and confession and sentence in the other, a reversal of the judgment.

With regard to the first of these, it is only necessary to say that the precise question has been decided adversely to the appellants by the Supreme Court in Ledbetter v. United States, 170 U. S. 606, 613, 18 S. Ct. 774, 42 L. Ed. 1162, where it was held that an allegation is sufficient, after verdict, which shows the act to have been done within the jurisdiction of the court. So, also, in Dukich v. United States, 296 F. 691, the Court of Appeals in the Ninth Circuit held the venue was sufficiently described in an indictment charging possession of liquor in the county of Spokane in the Northern division of the Eastern district of Washington, and within the jurisdiction of the court; and the same ruling has been made in the appellate courts of most of the states. Nor do we think that the failure to charge the method of transportation is any more fatal to the sufficiency of the indictment, for it is the fact and not the method that is unlawful.

If defendants had desired any further information, it could have been and would have been supplied by an order for a bill of particulars (Durland v. U. S., 161 U. S. 306, 315, 16 S. Ct. 508, 40 L. Ed. 709), and if they, or either of them, should at any time in the future find it necessary to plead the record and conviction in this case in bar of another prosecution, the particular spot in the county where the offense is alleged to have occurred, as well as the method or means of transportation, may be shown by other proof. Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390.

While we do not wish what we have said to be construed as commending the form of this indictment, and while we think it would have been better pleading to have set out more fully and in detail the circumstances of the offense, nevertheless we feel that describing, as it does, the amount, time, and place of possession and transportation, and that the same was unlawful, it sufficiently charges an offense under the statute, and that the absence of detail and circumstance is not a matter of substance which upon motion in arrest of judgment may properly be noticed.

This leaves only for consideration the question raised for the first time in the argument in this court that the indictment is also not sufficient because the possession and transportation are not charged to have been done feloniously. The indictment in each count charged a second offense, and each of the defendants was sentenced to the penitentiary; but we find nothing in the Prohibition Law which makes a felonious intent an element of the offense, and in Wood v. United States (C. C. A.) 204 F. 55, we held in such circumstances it was not necessary to charge that the offense was feloniously committed.

For these reasons, we think the judgment of the District Court should be and is affirmed.

Affirmed.