**NICHOLSON v. UNITED STATES.**

**No. 10242.**

Circuit Court of Appeals, Eighth Circuit.

Sept. 26, 1935.

WOODROUGH, Circuit Judge, dissenting.

See, also, 76 F.(2d) 1016.

Robert L. Spelbrink, of St. Louis, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for the United States.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment entered after a plea of guilty to an indictment charging a conspiracy by defendant Nicholson (appellant here) with others, to injure, threaten, and intimidate Cortez T. Harrison, a citizen of the United States, in the free exercise and enjoyment of rights and privileges secured to him by the Constitution and laws of the United States; and to injure, threaten, and intimidate him because he had exercised such rights.

The charging part of the indictment is set out in the margin.[1]

[1] "That Willie Nicholson, James Lee, Lillie Reed and Arnett Bowers, whose true names other than as herein set forth, are to the Grand Jurors unknown and for that reason cannot be inserted herein, all charged, indicted and named as defendants herein, and who are hereinafter referred to as defendants, and divers other persons whose names are to the Grand Jurors unknown, did on or about the 1st day of November, A. D. 1933, and continuously thereafter until the return and filing of this indictment, within the Eastern Division of the Eastern Judicial District of Missouri, and within the jurisdiction of the Court afore-

The statute under which the indictment was drawn reads as follows:

"Section 51. (Criminal Code, section 19.) *Conspiracy to injure persons in exercise of civil rights.* If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or if two or more persons go in disguise on the highway, or on the premises of another, with *intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured,* they shall be fined not more than $5,000 and imprisoned not more than ten years, and shall, moreover, be thereafter ineligible to any office, or place of honor, profit, or trust created by the Constitution or laws of the United States. (R. S. § 5508; Mar. 4, 1909, c. 321, § 19, 35 Stat. 1092.)"

The defendants, other than Nicholson, pleaded not guilty and were tried. Two of them were convicted.

The present appeal is by Nicholson only.

There are fifteen assignments of error. The general ground of attack is that the indictment does not state facts sufficient to make a case within the jurisdiction of the federal court. This general ground is particularized in the assignments of error.

Before taking up the particular contentions, it may be well to state one or two of the established rules relative to the construction of indictments such as the one in the present case.

■ An indictment is construed more liberally after judgment than before. Hagner v. United States, 285 U. S. 427, 433, 52 S. Ct. 417, 76 L. Ed. 861; Dunbar v. United States, 156 U. S. 185, 191, 15 S. Ct. 325, 39 L. Ed. 390; United States v.

said, Unlawfully, Wilfully, Knowingly and Feloniously conspire, combine, agree and confederate together, among themselves and with each other, to injure, oppress, threaten and intimidate a certain citizen of the United States, to-wit: Cortez T. Harrison, alias Tracy Harrison, in the free exercise and enjoyment of rights and privileges secured to him by the constitution and laws of the United States, and that the said defendants did conspire together as aforesaid to injure, oppress, threaten and intimidate the said Cortez T. Harrison, alias Tracy Harrison because he, the said Cortez T. Harrison, alias Tracy Harrison, had so exercised as a citizen of the United States a right and privilege secured to him by the Constitution and laws of the United States, to-wit: the right and privilege to report to and inform certain investigators of the Department of Justice of the United States, and which said investigators were then and there duly and legally acting in the discharge of their official duties as such officers, that distilled spirits, to-wit: alcohol would be unlawfully removed to and brought to the premises numbered 3055 Dickson Street, St. Louis, Missouri, on November 23, 1933, in violation of the laws of the United States, and that thereafter and on the said 23rd day of November, A. D. 1933 the said Willie Nicholson and James Lee, named as defendants in this indictment, did remove and bring distilled spirits to the said premises numbered 3055 Dickson Street, St. Louis, Missouri; and the Grand Jurors aforesaid, upon their oaths aforesaid, do further charge and present that in pursuance to and in furtherance of and in the execution of and for the purpose of carrying out and to effect the object and purpose of said conspiracy, combination, confederation and agreement aforesaid, the said Willie Nicholson did on or about the 28th day of November, A. D. 1933, intimidate and threaten to physically injure the said Harrison, and that thereafter and in furtherance of the said conspiracy and to effect the object and purpose of the said conspiracy the said defendants Willie Nicholson, James Lee, Lillie Reed and Arnett Bowers, and divers other persons whose names are to the Grand Jurors unknown, did on or about the 29th day of November, A. D. 1933 and at or near premises numbered 3055 Dickson Street, in the City of St. Louis, in the State of Missouri, unlawfully and feloniously assault, beat, injure and threaten to kill the said Cortez T. Harrison, alias Tracy Harrison, and did then and there aid and abet in assaulting, beating, injuring and threatening to kill the said Cortez T. Harrison, alias Tracy Harrison;

"And so the Grand Jurors aforesaid, upon their oaths aforesaid, do say that said defendants, throughout said period of time, at the places and in the manner aforesaid, unlawfully, wilfully, knowingly and feloniously did conspire, confederate, and agree together to injure, oppress, threaten and intimidate the said Cortez T. Harrison, alias Tracy Harrison, because he, the said Harrison, had so exercised a right and privilege secured to him by the Constitution and laws of the United States."

Goldsmith (C. C. A.) 68 F.(2d) 5; Patterson v. United States (C. C. A.) 62 F.(2d) 968; Coates v. United States (C. C. A.) 59 F.(2d) 173; Musey v. United States (C. C. A.) 37 F.(2d) 673; Goode v. United States, 12 F.(2d) 742 (C. C. A. 8); Irvin v. United States (C. C. A.) 298 F. 297. And this applies when judgment is entered on plea of guilty as well as on verdict. See Pellegrino v. Aderhold (C. C. A.) 55 F.(2d) 1074; Malinow v. United States (C. C. A.) 42 F.(2d) 374.

■ In conspiracy cases, the gist of the crime is the agreement. The offense to be committed need not be alleged with such particularity as the agreement. Wong Tai v. United States, 273 U. S. 77, 81, 47 S. Ct. 300, 71 L. Ed. 545; Thornton v. United States, 271 U. S. 414, 423, 46 S. Ct. 585, 70 L. Ed. 1013; Williamson v. United States, 207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278; Enrique Rivera v. United States (C. C. A.) 57 F.(2d) 816; Hill v. United States (C. C. A.) 42 F.(2d) 812; Carnahan v. United States, 35 F.(2d) 96, 100, 67 A. L. R. 1035 (C. C. A. 8); Williams v. United States (C. C. A.) 3 F.(2d) 933; Anderson v. United States, 260 F. 557, 558 (C. C. A. 8).

■ But the defendant who pleads guilty to an indictment still has left to him the objection that the indictment does not allege the essential ingredients of the crime with which he is charged. Oesting v. United States (C. C. A.) 234 F. 304.

No question is raised by appellant in the case at bar relative to the sufficiency of the indictment in so far as the allegations touching the conspiracy are concerned. But contentions are made that the allegations of the indictment are insufficient touching the offense which was the object of the conspiracy.

■ Grounds of attack, such as failure to give the names of the investigators, failure to allege that the investigators were officers of the United States and had authority to receive information, and the contention that there were no such officials as investigators of the Department of Justice, are covered by the rules above stated, considered in connection with the Act of May 27, 1930 (46 Stat. 427 [19 USCA § 523; 27 USCA §§ 42, 101 and note 102–108; 38 USCA §§ 38b–38d]), which created a Bureau of Prohibition in the Department of Justice and imposed certain duties in connection therewith upon the Attorney General. See, also, Hoffman v. United States (C. C. A.) 68 F.(2d) 101, where the name of the federal agent was not given.

■ The same rules dispose of the grounds of attack on the indictment that there was failure to plead impending violation involving untaxpaid distilled spirits, and failure to plead that said distilled spirits had been removed from a distillery and brought to premises which were not a distillery. See, also, McDonald v. United States, 9 F.(2d) 506 (C. C. A. 8); United States v. Pleva (C. C. A.) 66 F.(2d) 529; Roberts v. United States, 283 F. 960 (C. C. A. 8).

■ The ground of attack that the indictment was too vague in stating the object of the conspiracy is disposed of by such cases as Montoya v. United States, 262 F. 759 (C. C. A. 8); Hood v. United States, 23 F.(2d) 472 (C. C. A. 8); Smith v. United States, 157 F. 721 (C. C. A. 8); Oesting v. United States, supra.

■ The ground of attack that the right and privilege claimed by the informer were not secured to him by the laws and Constitution of the United States has been settled adversely to appellant's contention. Motes v. United States, 178 U. S. 458, 20 S. Ct. 993, 44 L. Ed. 1150; In re Quarles, 158 U. S. 532, 15 S. Ct. 959, 39 L. Ed. 1080; see, also, Hawkins v. United States (C. C. A.) 293 F. 586.

In its opinion in the Quarles Case, the Supreme Court said (158 U. S. 532, page 535, 15 S. Ct. 959, 960, 39 L. Ed. 1080):

"It is the duty and the right, not only of every peace officer of the United States, but of every citizen, to assist in prosecuting, and in securing the punishment of, any breach of the peace of the United States. * * *

"The right of a citizen informing of a violation of law, like the right of a prisoner in custody upon a charge of such violation, to be protected against lawless violence, does not depend upon any of the amendments to the constitution, but arises out of the creation and establishment by the constitution itself of a national government, paramount and supreme within its sphere of action. * * *

"The right of the private citizen who assists in putting in motion the course of justice, and the right of the officers concerned in the administration of justice, stand upon the same ground. * * *

"The necessary conclusion is that it is the right of every private citizen of the United States to inform a marshal of the United States or his deputy of a violation of the internal revenue laws of the United States; that this right is secured to the citizen by the constitution of the United States; and that a conspiracy to injure, oppress, threaten, or intimidate him in the free exercise or enjoyment of this right, or because of his having exercised it, is punishable under section 5508 of the Revised Statutes [18 USCA § 51]."

We think the indictment was sufficient, and that the judgment should be affirmed. It is so ordered.

WOODROUGH, Circuit Judge (dissenting).

The appellant was indicted with others for the offense of conspiring against the civil rights of a citizen in violation of section 51, title 18 USCA, and having pleaded guilty, was sentenced to imprisonment for seven years. He prosecuted this appeal on the only ground open to him in view of his plea, namely, that the indictment does not state facts sufficient to make a case within the jurisdiction of the federal court.

The substance of the indictment is that there was a conspiracy, the object of which was to injure and oppress a citizen named Harrison because he had exercised a right secured to him by the Constitution and laws of the United States, and that to effect the object of the conspiracy the appellant threatened the citizen on one day and, together with his coconspirators, committed a violent assault upon him the next day. The right the citizen is alleged to have exercised was the "right * * * to report to * * * certain investigators of the Department of Justice of the United States, and which said investigators were then and there duly and legally acting in the discharge of their official duties as such officers, that distilled spirits, to-wit: alcohol, would be unlawfully removed to and brought to the premises numbered 3055 Dickson St., St. Louis, Missouri, on November 23, 1933, in violation of the laws of the United States. * * *"

The appellant does not question that the indictment fully and sufficiently describes the criminal assault he and his associates conspired to and did commit upon the citizen, Harrison, but his point is that there are no facts to show that the assault was devised or committed because the citizen had exercised a federal right. Conceding that it is a right of a citizen secured to him by federal law to give information to federal officers touching federal offenses, appellant insists that the indictment alleges no facts to show that the matter about which the citizen, Harrison, gave information was, or was on probable grounds believed to be, a federal offense.

Inspection of the indictment discloses that the only fact Harrison is said to have informed the federal officers about was the fact that alcohol would be removed to certain premises. True, it is stated in the indictment as the conclusion of the informer or of the grand jury that the removal of the alcohol would be "unlawful" and "in violation of the laws of the United States." But no facts are alleged on account of which the removal of the alcohol would become unlawful or in violation of the laws of the United States.

There are no crimes against the United States except such as are defined by its laws, and no law which would be violated by the reported removal of the alcohol is pointed out or referred to in the indictment. Nothing in the indictment fixes the matter about which Harrison informed as a federal offense except the unsupported conclusion that it was "unlawful" and "in violation of the laws of the United States."

Although it may be said that there are many circumstances under which a removal of alcohol becomes a violation of federal laws, it is also very difficult to imagine any overt actions which may not offend some federal law if done with a certain intent and under certain circumstances. It remains that the facts charged in the indictment concerning the transaction reported upon do not show that any federal offense was involved. If the citizen, Harrison, had informed federal officers about a counterfeiting of United States money, or about the stealing of government property, or forging its bonds, or about anything made criminal by specific laws of the United States, a different situation would be presented.

In prosecution for conspiracies to misuse the mails in furtherance of schemes to defraud, it has been frequently said that the conspiracy to misuse the mails is the gist of the offense. Such a conspiracy touches directly the carrying of mails, which it is the federal function to protect. But under this statute, the conditions are reversed. The conspiracy to assault

and the assault are state crimes that do not of themselves offend against the federal government. It is the motive behind the conspiracy, the reason why it was carried on that alone touches the federal interest. Necessarily then, as the reason for the conspiracy and the motive behind it constitute the sole basis of federal jurisdiction, they are of the gist of the federal offense. Each of the states has reserved its sovereign power to inquire into and adjudicate concerning assaults and batteries committed within its borders, and if there are facts to justify federal jurisdiction in such a matter, such facts must appear upon the face of the pleading upon which jurisdiction is based.

A federal court should not, indeed it has no power, to take charge of such an offense on merely general allegations made by way of conclusion that there was invasion of a citizen's federal right, or that a transaction violated some federal law not specified or connected by any allegations of fact. Under our dual system of government, it is incumbent upon the federal courts to exercise meticulous care to avoid encroachment upon the sovereign powers of any state.

As it does not appear from any of the facts pleaded in the indictment herein that the citizen, Harrison, had reported to the federal employees called "investigators" any acts or transactions made criminal by any federal law, there was no jurisdiction in the federal court over the assault upon him or the conspiracy to commit the same.

The indictment contains the allegation that the defendants therein named did remove and bring distilled spirits to certain premises in St. Louis, Mo., but the allegation is in no way connected with the charge sought to be presented by the indictment, and is merely surplusage.

The appellant also complains against the severity of his sentence. Seven years' imprisonment was imposed under the indictment here considered, and it is stated at the bar that some additional years were imposed for his violation of the liquor law in the same transaction. Conceding that this court may not on that ground reverse a sentence that is kept within the limit of the statute, it seems not inappropriate to recall the declaration of the Supreme Court in Fox v. State of Ohio, 5 How. 410, 12 L. Ed. 213, that the institutions both of the state and federal systems are administered in a benignant spirit.

The instances in which extreme penalties are prescribed by Congress are very rare. The statute here involved permitting the harsh penalty of ten years' imprisonment for a violation is exceptional because it was enacted in the cruel aftermath of the Civil War to suppress with extraordinary rigor massed violence against the newly bestowed civil rights of the negro race. To heap its extreme harshness upon this single negro for an assault is benignant only in a bitterly ironical sense. In thousands of cases every year local magistrates who know the parties before them find ten days' in jail or a fine that can be paid sufficient to tame the aggressor and save the peace and dignity of the state where angry men have inflicted blows.

I think there was no jurisdiction to render the judgment appealed from, and it should be reversed.