## G. W. ATCHLEY v. THE STATE.

No. 4043.   Decided June 23, 1909.

**Threatening to Injure—Indictment—Innuendo—Whitecapping.**

Where the anonymous notice was, "dam you, if this don't led will" and the innuendo clause in the indictment was, "damn you, if this don't move you lead will," the latter was a meaning that did not follow from the language used in the notice, and the indictment was insufficient; an innuendo must not introduce new matter, or enlarge the natural meaning of the words used in the defamatory matter.

Appeal from the District Court of Bowie.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of unlawfully threatening to injure; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Jones* and *Hart, Mahaffey & Thomas,* for appellant.—Cited Cohen v. State, 37 Texas Crim. Rep., 118; Eylar v. State, 37 Texas Crim. Rep., 257; Daud v. State, 34 Texas Crim. Rep., 460; Wills Criminal Forms, 525, 526; White's Code Criminal Procedure, sec. 381a; Townshends on Slander and Libel, 3 ed., pp. 578-9; Newell on Slander and Libel, pp. 619, 629.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Omitting formal parts, the indictment charges that appellant ". . . . did then and there unlawfully make threats to do personal violence and injury to the person of J. H. Williams, and did send to said J. H. Williams anonymous notices, and post on the premises of said J. H. Williams anonymous notices saying, 'Dam you, if this dont, led will,' meaning thereby 'Damn you, if this don't move you, lead will,' and did send and cause to be sent to said J. H. Williams said anonymous notices, threatening personal violence to said J. H. Williams, with the intention of interfering with the right of said J. H. Williams to occupy said premises on which said J. H. Williams was then residing, and of causing said J. H. Williams to abandon said premises, and to abandon the county of Bowie, against the peace and dignity of the State." This indictment is criticised on several grounds. We are of opinion that the indictment is subject to criticism. The innuendo seeks to give the notice "Dam you, if this dont, led will" a meaning that does not follow from the language used in the notice. The innuendo is, "Damn you, if this don't move you, lead will." The language, without the innuendo, does not convey the idea that it was intended to move J. H. Williams. It may mean many other things as well, or it may mean any other thing as well. The office of an innuendo is to define the defamatory meaning which the party seeks to put upon the words complained of, to show how they come to have the particular meaning claimed for them, as well to show how they relate to the plaintiff, whenever that is not clear upon the face of the words, but an innuendo must not introduce new matter, or enlarge the natural meaning of the words. Newell on Slander and Libel, page 619. Again, it is said by the same author, on page 629, that, "if the innuendo materially enlarge the sense of the words, it will vitiate the declaration or indictment." As we understand the indictment, the innuendo does not attempt to define the meaning of the words used to show how they came to have the peculiar threatening meaning, or how they related to the plaintiff, but the words are added so as to make the original sentence or notice read, "Damn you, if this don't move you, lead will." This is the making of a new, complete

and different sentence, and one not demanded by the words used in the notice. The words are fully as capable of meaning, "Damn you, if this don't kill you, lead will," or to have given the same any other meaning the mind might suggest. "It is an elementary rule of pleading that whatever is alleged must be alleged with certainty, and one of the means of insuring certainty in a complaint for slander or libel is an innuendo. Among the attempts to define an innuendo is to aver the meaning of the language published. An innuendo means nothing more than the words 'id est,' 'scilicet,' or 'meaning,' or 'aforesaid,' as explanatory of a matter sufficiently expressed before. It is in the nature of a prædict. It may serve for an explanation, to point a meaning where there is precedent matter, expressed or necessarily understood or known, but never to establish a new charge. It may apply what is already expressed, but can not add to nor enlarge nor change the sense of the previous words." There might be many meanings given to the language used in the notice. This would depend upon the fertility of the imagination of the pleader. "Dam you, if this don't" so and so, "lead will." Under this language, what was in the mind of the party writing the notice? If the party it was intended to reach should not do what? What would be the answer? If he does not comply with a contract, or should do anything else the writer of the notice might have in mind, without even indicating in the notice what it was, and from which no fair or reasonable deduction could be made, then what? We are of opinion that the innuendo averments in the indictment do not naturally flow from the words used. Motion in arrest of judgment should be sustained.

There are other questions suggested for revision, but, taking the view we have of the indictment as to its want of sufficient certainty, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*