THE STATE v. LLOYD STEENBERGEN, Plaintiff in Error.—68 S. W. (2d) 684.

Division Two, February 23, 1934.

*Roy McKittrick,* Attorney-General, and *Harry G. Waltner, Jr.,* Assistant Attorney-General, for defendant in error.

ELLISON, P. J.—This cause is brought up by writ of error. The plaintiff in error, Steenbergen, whom we shall call the defendant, and three others were jointly charged by information filed in the Circuit Court of Gasconade County with robbery in the first degree by means of a dangerous and deadly weapon, in violation of Sections 4058 and 4061, Revised Statutes 1929. Specifically, the charge was bank robbery—that the four defendants took from Walter C. Marsh, a clerk in charge of the money and property of the State Bank of Bay in said county, the sum of $1066. Another of the four defendants, named Batey, was separately convicted of the same crime, and his conviction affirmed by this court. as reported in 62 S. W. (2d) 450. A fuller statement of the outline facts will be found there.

The instant defendant, Steenbergen, was granted a change of venue, and the cause sent to Franklin County where he was convicted by a jury which assessed his punishment at twenty-five years' imprisonment in the State penitentiary. Within a year he sued out a writ of error here. In response thereto the Clerk of the Franklin County Court has returned a transcript which is certified to as being "full, true and complete" but which contains only the record proper. It was the duty of the defendant as plaintiff in error to see that a perfect transcript was brought up, Section 3757, Revised Statutes 1929; State v. Piersol (Mo.), 210 S. W. 58. But we have no doubt the transcript returned by the circuit clerk is correct, and that no bill of exceptions ever was filed below, as we sustained defendant's motion for a continuance last August in order to give him time to arrange for a bill of exceptions, and also overruled another like motion on December 18, last, after the circuit clerk's transcript had remained on file here eight months.

We find no error in the record proper which. alone. is before us. The defendant waived a preliminary hearing. The information is the one on which the conviction of Batey was affirmed in 62 S. W. (2d) 450. It substantially follows the statute, and while it fails to charge the taking of the money was with an intent on the part of the defendant to deprive the owner thereof, we agree with the learned Assistant Attorney-General that such an allegation was unnecessary, or, at least. the omission thereof is in no wise fatal. [State v. Scott, 332 Mo. 255, 58 S. W. (2d) 275, 277.]

The record of the Franklin County Circuit Court recites that the defendant "having been heretofore formally arraigned upon an information herein against him and having entered a plea of not

guilty," announces ready for trial. However the record fails to show in what court and when he did waive formal arrangement and plead not guilty. But under Section 3615, Revised Statutes 1929, the cause could not be reversed even if the record failed altogether to show an arraignment and plea of not guilty, since it does appear the defendant announced ready for trial and proceeded with the trial. [State v. Vallo (Mo.), 33 S. W. (2d) 899.] The record further shows the defendant was present at the trial; that the jury was duly empaneled and sworn; that the jury returned a verdict in form complying with the law; that the defendant was granted allocution; and that judgment and sentence were pronounced.

The verdict was as follows: "We, the jury, find the defendant guilty as charged and assess his punishment at twenty-five years in the penitentiary." This was good as a general verdict. [State v. Batey, 62 S. W. (2d) l. c. 452.] The fact that the word "imprisonment" is omitted after the number of years specified is unimportant. [State v. Jones, 106 Mo. 302, 311, 17 S. W. 366, 369.]

It results that the judgment and sentence must be and are affirmed. All concur.