ELMER WALKER v. THE STATE.

No. 16945. Delivered November 28, 1934.
Reported in 76 S. W. (2d) 1050.

336

The opinion states the case.

*Geo. W. Gibson,* of Jacksonville, and *Guinn & Guinn,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was indicted under article 1301, P. C., of the offense of threatening to publish a. written statement respecting another with the intent to extort money or any pecuniary advantage, and, upon conviction, his punishment was assessed at confinement in the county jail for a term of 18 months.

The appellant assigns as error the action of the trial court in refusing to sustain his motion to quash the indictment. The indictment, omitting the formal parts, reads as follows:

"That Elmer Walker, on or about the 29th day of December, 1931, and anterior to the presentment of this indictment, in the County of Cherokee and State of Texas, did then and there unlawfully with intent to extort money and pecuniary advantage of W. R. Swanzy threaten to publish a statement respecting the said W. R. Swanzy which would come within the meaning of a libel, to-wit: to publish of and concerning the said W. R. Swanzy a statement as follows, to-wit:

" '12-15-30

" 'Dearest Pat:

" 'How in the world are you old dear, Say big boy where were you yesterday? I called you and I called collect at that. fine way to call a poor boy like you isn't it. but I was out of dough and wanted you to come down. Would you if were there? I bet not. I was in Rusk yesterday afternoon but

didn't see any one to speak of. Sure no I didn't see you.

" 'We are gonna have a ball game tomorrow. The girls are going to play Linwood come down before three o'clock. Now come Pat because I want you to bring some one with you if you wanta and will come? but not Mack. That little devil stood me up last night but I am not worrying my girl friend said bring her a real cute boy down here. And it not brainless McCullough either. She is a little blonde and real cute. we are in the Supt's office and he is telling me what to write. He is trying to kiss me and get in my Breeches so darn fast I can't write now what do you think of that? He is a hot papa he is! Pat, if you don't come down tomorrow we are comeing up there Wednesday afternoon. Swanzy said we had permission to come if I would kiss him and I just then smacked him. Pat don't say any thing to Mack about this please. Pat be sure and come tomorrow if you can. I wanta see you real bad. This gal said bring Cotton Allen are any one that is suitable to you. Just so they are good looking. Well old sugar W. R. is fixing to sign off and go to class, as he has made enough 'milk shakes.' Excuse this writting you couldn't do any better if you were sitting in a man's lap trying to write with the office door locked. He said just then he wished he had a 'pint' to get us tipsy. Come tomorrow if you can. Say Darling call me 161 before three tomorrow please and I'll tell you what to do. Don't forget. Lots of love. (Signed) Minnie Belle Kelly, Don't forget the High School ring is 161.'

"The said W. R. Swanzy was superintendent of the Alto Public Schools of Alto, Texas, Cherokee County, on the 29th day of December, A. D. 1930, and had been such superintendent for more than two years prior thereto, and was the Superintendent of said Schools on the date of the alleged offense this indictment and the aforesaid letter, the contents of which are above quoted, was written upon three (3) sheets of paper, each of which was printed thereon the follow:

" 'ALTO PUBLIC SCHOOLS

" 'W. R. Swanzy, Superintendent,
" 'Alto, Texas.'

"against the peace and dignity of the state."

Article 1299, P. C., reads as follows:

"If any two or more persons shall combine falsely to accuse another of an offense, and shall in pursuance of such combination make such accusation before a court or magistrate, or in

any newspaper or other public print, or by the circulation of hand bills, or in any other public manner by writing, they shall be fined not exceeding two thousand dollars, or be imprisoned in jail not exceeding two years."

Article 1301, P. C., reads as follows:

"Whoever with intent to extort money or any pecuniary advantage shall threaten to accuse another of a felony before any court, or to publish any other statement respecting him which would come within the meaning of libel, shall be punished in the manner set forth in art. 1299."

If the appellant had been charged with the offense of libel instead of the offense of threatening to publish a statement respecting one which would come within the meaning of libel for the purpose of extorting money, it would have been necessary to allege that the letter was written with malice and with the intent to injure him. The language relied upon as libelous would have to be set out in the indictment, and where the language was doubtful or indefinite as to its intended meaning, it would have to be explained by proper innuendo. It seems to us that in a case like the one under consideration it would be equally necessary to be as definite and certain in charging that the alleged libelous statement comes within the meaning of libel as it would be to charge the offense of libel. What was meant by the words "making milk shakes" is not explained by any innuendo. The mere fact that a school girl had been sitting in the lap of her brother, father, or near relative would not necessarily be disgraceful to the man. It might be so if she were a young lady and sat in the lap of some married man who was not related to her, but in such instance the facts should be definitely averred. What or who was referred to by the letters "W. R. or Supt.," and who was referred to by the word "Swanzy" is also left to an inference. It is the accepted rule of pleading that an indictment should be so definite and certain in its averments that from the face thereof it will appear that an offense was committed. Intendments and inferences cannot be indulged in aid thereof. The constituent elements of the offense should be stated. In our opinion the court should have sustained the motion to quash. See McKie v. State, 37 Tex. Crim. Rep., 544; Potter v. State, 86 Tex. Crim. Rep., 380.

We are convinced from the testimony in the record that W. R. Swanzy was the victim of evil designing persons and that he was not guilty of the conduct attributed to him in said letter.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

> *Reversed and prosecution*
> *ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.