### HARRIS v. UNITED STATES.
#### No. 11346.

Circuit Court of Appeals, Eighth Circuit.
May 26, 1939.

---

William L. Vandeventer, of Springfield, Mo. (Phil M. Donnelly, of Lebanon, Mo., on the brief), for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

SULLIVAN, District Judge.

The appellant was convicted in the lower court upon the fourth count of an indictment containing eight counts. The odd numbered counts alleged that the defendant was Assistant Postmaster at Lebanon, Missouri, and while acting as such, did embezzle a specified amount of money belonging to the United States, in violation of Section 355, 18 U.S.C.A. Counts two, six and eight charged him, while being Assistant Postmaster, with making certain false entries in records of the Postoffice Establishment, knowing the same to be false, with the intent to mislead and defraud the Postoffice Establishment of the United States, in violation of Section 189, 18 U.S.C.A. Count four of the indictment, the one under which

he was convicted, is attempted to be drawn under said Section 189.

At the close of the government's evidence, the defendant demurred to the evidence under each count of the indictment, and requested a directed verdict. The demurrer and request were overruled except as to count one, on which count the demurrer was sustained. At the close of the evidence he again demurred and requested a directed verdict as to the remaining counts, with a like ruling by the court thereon.

The jury returned a verdict of guilty as to count four, and a verdict of not guilty as to the remaining counts of the indictment.

The defendant appeals from the judgment of conviction on count four, and assigns as error the failure of the trial court to sustain the demurrer and request for a directed verdict of not guilty at the close of the government's evidence, and at the close of all evidence in the case. He assigns other matters occurring at the trial as errors, but it is unnecessary to consider them, in view of the conclusion this court reaches as to the sufficiency of the count under which he was convicted.

The evidence shows that each count of the indictment was based upon alleged irregularities relating to circulars sent out by what is known as "non-metered mail". Postal regulations provide that any person desiring to mail out circulars of at least two hundred pieces, or of any quantity of not less than twenty pounds, can, for $10, purchase a permit which entitles him to send out the circulars without stamps affixed, but each circular must bear, in the upper righthand corner, a printed block stating the number of the permit that had been issued to the mailer, the name of the postoffice from which the permit was issued, and reference to Section 562 of the Postal Laws and Regulations, and the words and letters, "U. S. Postage Paid."

The procedure under the postal regulations was for the mailer of circulars, at the time he presented them for mailing, to fill out what was known as a "Statement of Mailing of Non-metered Matter", the Statement to be prepared wholly by the mailer in ink and to accompany each mailing, in accordance with the instructions printed on the face of the Statement of Mailing and furnished to prospective mailers by the Postoffice Establishment. However, the employees of the Lebanon, Missouri, Postoffice did not follow the regulations, and it was the practice in that office, when a mailer presented his circulars for mailing, for a clerk in the Postoffice to weigh them in and make a notation of the weight on a scratch pad. If more than one parcel of circulars were brought to the Postoffice by the mailer, the different weights would be noted on the scratch pad, the total weight ascertained and the amount of postage determined. The clerk would receive the circulars for mailing and the money due for postage, but he would not require the mailer to fill out a Statement of Mailing, nor would he execute and deliver to the mailer a receipt for the postage paid.

The sufficiency of the count was not formally challenged in the trial court by demurrer or motion to quash, although it may be said to have been indirectly attacked by the demurrer to the evidence and motion for a directed verdict at the conclusion of the government's evidence, and again at the close of the proof in the case. It is the contention of the appellant that the charge in the questioned count and the proof of making a false statement of mailing was insufficient, under the applicable statute. The sufficiency of said count has been fully argued by the parties in this court in their briefs and oral arguments.

When an indictment contains averments necessary to constitute an offense, even though such averments are stated loosely, or without technical accuracy, it is the general rule under such circumstances that where there is a failure on the part of the defendant to attack such an indictment by demurrer or motion to quash, the omissions are cured by the verdict. Musey et al. v. United States, 5 Cir., 37 F.2d 673. However, where the challenge to the indictment is based upon an omission in the averments thereof of an essential element of the crime, objection thereto is not waived (Berry v. United States, 9 Cir., 259 F. 203); it may even be asserted in this court for the first time. Dropps v. United States, 8 Cir., 34 F.2d 15; Nicholson v. United States, 8 Cir., 79 F.2d 387; Danaher v. United States, 8 Cir., 39 F.2d 325.

The statute enjoins the courts from setting aside judgments grounded upon indictments defective or imperfect in matter of form only, and which shall not tend to the prejudice of the defendant (Section 556, 18 U.S.C.A.), but the essential elements of the statutory offense must be set out in the indictment. These "are matters of

substance, and not of form, and their omission is not aided or cured by the verdict". United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 574, 31 L.Ed. 516. It is the duty of the court under such circumstances to set aside the judgment. United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135.

This count[1] charges the defendant (appellant) was an Assistant Postmaster at Lebanon, Missouri, an employee of the United States government, that as such officer he was charged with the duty of keeping accounts and records of the Lebanon Postoffice, and that he made a false "Statement of Mailing". There is an absence of any allegation identifying said "Statement of Mailing". The language appearing therein—"purported to show that the Palmer Furniture Company had mailed 2465 pieces of Third Class matter chargeable with postage at the rate of one cent for each piece, that a total of 145 pounds was being mailed and that $24.65 postage had been received at said post office from the Palmer Furniture Company at Lebanon, Missouri on said date in payment for the postage on the 2465 pieces of Third Class matter aforesaid"—furnishes no assistance in establishing its identity.

The questions occur: Was this "Statement of Mailing" one of the records required to be kept by the defendant in connection with the duties of his office? Was it one of the records of the Postoffice establishment at Lebanon, Missouri, or was it a record of the person making applica-

tion for the mailing permit? No answer to these questions can be obtained from the language of the questioned count, nor does the second paragraph thereof clarify the pleading. On the contrary, it rather tends to confuse. It states that the defendant, "knowing that the entry showing said receipt as prepared by him was false and was made by the defendant with the intent to mislead * * *". In the first part of the count the paper is designated as a "Statement of Mailing", and in the second paragraph is found the designation, "receipt". It must be concluded that two different instruments are contemplated. This deduction receives support in the evidence. The "Statement of Mailing" is addressed to the Postmaster, and states, "There are herewith presented for mailing" a certain number of pieces of mail with weights and the amount of postage "tendered", and on the back of which is an endorsement in the form of a certificate showing inspection and verification of the correctness of the figures set out in the "Statement of Mailing". There is nothing in the Statement of Mailing or endorsement thereon which might be construed to be a receipt.

Section 8(a) of the Postal Laws and Regulations, 1932, page 267, specifically provides for a receipt under such circumstances. The evidence shows that the appellant executed a formal receipt on the occasion. However, this was a document separate and distinct from the "Statement of Mail-

---

[1] that "Oval R. Harris, the defendant herein, being then and there an employee holding an office under the Government of the United States, to-wit, Assistant Postmaster in the United States Post Office at Lebanon, Missouri, said post office at Lebanon, Missouri, being then and there a duly authorized post office of the Post Office Establishment of the United States, and as such Assistant Postmaster being charged with the duty of keeping the accounts and records of said post office at Lebanon, Missouri, did unlawfully, wilfully, knowingly and feloniously make and cause to be made a false 'Statement of Mailing' which 'Statement of Mailing' purported to show that the Palmer Furniture Company had mailed 2465 pieces of Third Class matter chargeable with postage at the rate of one cent for each piece, that a total of 145 pounds was being mailed and that $24.-65 postage had been received at said post office from the Palmer Furniture Com-

pany at Lebanon, Missouri on said date in payment for the postage on the 2465 pieces of Third Class matter aforesaid;

"Whereas in truth and in fact said Palmer Furniture Company mailed on said date 4165 pieces of Third Class matter chargeable with postage at the rate of one cent for each piece and that said mail matter weighed 245 pounds and that said Palmer Furniture Company paid postage at said time and place to said post office in the amount of $41.65, the defendant then and there well knowing that the entry showing said receipt as prepared by him was false and was made by the defendant with the intent to mislead and defraud the Post Office Establishment of the United States and other persons to the grand jurors unknown.

"Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States of America."

ing", and the indictment does not charge that a false entry was made on this receipt.

■ While the strict requirements and the formalities of criminal pleading under the common law rules have been modified by modern practice and statute (Section 556, 18 U.S.C.A.), this does not mean that matters of substance may be omitted from the allegations of an indictment.

■ The basic principle of American jurisprudence is that no man shall be deprived of life, liberty or property without due process of law. In a criminal proceeding, the indictment must be free from ambiguity on its face; the language must be such that it will leave no doubt in the minds of the court or defendant of the exact offense which the latter is charged with. It should leave no question in the mind of the court that it charges the commission of a public offense.

■ It is fundamental that all the necessary ingredients of the offense must be set out in the indictment, and the omission of any fact or circumstance necessary to constitute the offense will be fatal. United States v. Cruikshank et al., 92 U.S. 542, 23 L.Ed. 588. Any omission of that nature cannot be supplied "by intendment or implication, and the charge must be made directly, and not inferentially, or by way of recital." United States v. Hess, supra.

■ Section 189 does not make it a crime to forge *any* paper, or to make a false entry in *any* record. It makes it a crime for a person occupying the position defendant did to make a false entry in any record which he was required to keep in connection with his duties—records of the Postoffice Establishment at Lebanon. The indictment does not say that he made a false entry in any record which he was required to keep in connection with his official duties, nor does it say that he forged or made a false entry in any record of the Lebanon Postoffice.

■ Proper identification of the paper forged, or of the record as a record of the Postoffice Establishment at Lebanon, is an essential element of the crime defined by Section 189. This has been omitted from count four. It cannot be supplied by "intendment or implication", and the defect was not cured by the guilty verdict.

The judgment of the lower court is accordingly reversed.