## KEYS v. UNITED STATES.
### No. 12069.

Circuit Court of Appeals, Eighth Circuit.
March 12, 1942.

Rehearing Denied March 26, 1942.

C. W. Prince, of Kansas City, Mo. (William R. Ross, of Kansas City, Mo., on the brief), for appellant.

Charles F. Lamkin, Jr., Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

The appellant was convicted under an indictment which charges a violation of § 408d(c), U.S.C., 18 U.S.C.A., § 408d(c), which provides:

"Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, shall transmit in interstate commerce by any means whatsoever any communication containing any threat to injure the property or reputation of the addressee or of another * * * shall be fined * * *."

The indictment recites that: "* * * on or about the 4th day of June 1940, one George H. Keys did then and there wilfully and feloniously transmit in interstate commerce by the means of the Post Office establishment of the United States a certain communication addressed to Aluminum Association, 903 American Bank Building, Pittsburgh, Pennsylvania, an association then and there engaged in promoting the manufacture, distribution and sale to the public of aluminum for various purposes, and in particular for cooking utensils, with the willful and felonious intent then and there and thereby to extort from the addressee, the said Aluminum Association, money and others things of value, the said communication then and there containing a threat to injure the reputation of the said addressee unless money and other things of value should be paid over to the said George H. Keys, the said injury to the reputation of the addressee contemplated as aforesaid being embraced by a threat in said communication contained that the said George H. Keys would distribute a pamphlet to the

public to the effect that the use of aluminum cooking utensils is harmful and is a causative factor in diabetes and other diseases."

The appellant's contentions in this court are (1) that the evidence is insufficient to establish intent and threat and (2) that the indictment is insufficient.

The first contention is without merit. The question presented was raised in the lower court by objection to the admission of evidence and by motion for a directed verdict. The government introduced in evidence a "communication" consisting of a letter addressed to Aluminum Association, Pittsburgh, Pennsylvania, and a pamphlet. The defendant testified in his own behalf and admitted that he sent both documents. These papers [1] contain sufficient statements to warrant the jury in finding both intent and a threat.

The second contention is more serious. The alleged defect in the indictment is that it does not embody a copy of the "communication" including the letter and pamphlet. It is pointed out that the indictment does not show the date of the letter nor state the name of the author, and that the charge that it contains a threat is a conclusion of the pleader.

The indictment was not assailed in the trial court by motion for a bill of particulars or otherwise; but where an indictment is challenged for the omission of an essential element of the crime the objection may be asserted in this court for the first time. Harris v. United States, 8 Cir., 104 F.2d 41, 43; Nicholson v. United States, 8 Cir., 79 F.2d 387; Dropps v. United States, 8 Cir., 34 F.2d 15.

The essentials of the crime defined in the statute are (1) an intent to extort money; (2) the transmission in interstate commerce of a communication (3) containing a threat to injure the property or reputation of the addressee or another.

The indictment attempts to charge these essentials by pleading that the defendant (1) "with the willful and felonious intent * * * thereby to extort from the addressee, the said Aluminum Association, money * * * (2) did transmit in interstate commerce by means of the Post Office establishment of the United States * * * a certain communication addressed to the Aluminum Association (3) containing a threat to injure the reputation of the said addressee unless money * * * should be paid over to" the defendant,— "the said injury to the reputation of the

---

[1] (a) The letter:

Geo. H. Keys
3406 Indiana Ave.
Kansas City, Mo.
June 4, 1940

Aluminum Association
903 American Bank Bldg.
Pittsburg, Penna.

Attention: Secretary

Dear Sir:

We are very familiar with all of your underhand politics and detrimental activity. I'm enclosing a reminder of the true status of Aluminum.

These articles should sell very quickly and in great quantity at $1.50 Per M. F. O. B. Chicago and Kansas City. They are on very good paper, well laid out and contain some very helpful and valuable information.

I expect to get under way next week in a trial distribution for checking territory activity after saturation. As you have so successfully locked my mail up, I will now be free to take up this educational activity. The many—many sick people will appreciate this information very much, especially the diabetics as they are greatly helped.

Now gentlemen it all sums up to this. If you think you would rather have me in the food business you can open up the Natur-Food mails. If you would rather have me devote my time to the writing of literature, health lessons and educational work along these lines, why—just leave your dirty work as is and keep the Natur-Food mail stopped.

If you are in sympathy with the Tru-Science educational work, I am sure Miss Randall will appreciate your contribution very much as it will go to help so many people. Address all contributions to Tru-Science. Make all checks payable to Miss Thelma Randall.

Yours very truly
Geo. H. Keys.

Appellant testified that Miss Thelma Randall is his assistant. (b) The pamphlet enclosed with the foregoing letter is set out in the record. It is too long to be copied in full. It is headed: Are there Dangers in the use of Aluminum Cooking Utensils? * * * Congress should Investigate the Aluminum Association and the American Medical Ass'n. Help the Cause! Buy these pamphlets for your relatives and friends. Pass them on. 5c each—80c per 100 Published by Tru-Science Reliance Bldg. Kansas City, Missouri. A National Movement.

The text of the pamphlet, fairly summarized in the indictment is "to the effect that the use of aluminum cooking utensils is harmful and is a causative factor in diabetes and other diseases."

addressee contemplated as aforesaid being embraced by a threat in said communication contained that the said George H. Keys would distribute a pamphlet to the public to the effect that the use of aluminum cooking utensils is harmful and is a causative factor in diabetes and other diseases."

In Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704, the Supreme Court said that the "true test" of an indictment is, "not whether it might possibly have been made more certain, but [1] whether it contains every element of the offence intended to be charged, and [2] sufficiently apprises the defendant of what he must be prepared to meet, and, [3] in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

In Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, the Court said: "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded." And § 556, Title 18 U.S.C.A., § 1025, Revised Statutes, provides:

"No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant * *."

In Hagner v. United States, supra, the Court said:

"This section was enacted to the end that, while the accused must be afforded full protection, the guilty shall not escape through mere imperfections of pleading.
* * * * * *

"It, of course, is not the intent of section 1025 to dispense with the rule which requires that the essential elements of an offense must be alleged; but it authorizes the courts to disregard merely loose or inartificial forms of averment. Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."

Under these rules most of appellant's criticism of the indictment fails for want of substance. All the elements of the offense are charged; and, in so far as the present trial is involved, no prejudice is shown. The appellant admitted the sending of the letter, prepared for trial, and offered evidence in an attempt to explain the contents of the letter in such a way as to demonstrate his innocence. The only problem is whether the failure to set out a copy of the letter and pamphlet in haec verba is a defect of substance or of form only. At common law an indictment for sending a threatening letter, or for forgery or libel, was required to be set out in haec verba. Bradlaugh v. The Queen, L.R. 32, B.D. 618; and the federal courts have in some instances followed or repeated the rule. United States v. Noelke, C.C.N.Y., 1 F. 426, 433; Wilson v. United States, 2 Cir., 275 F. 307, 312. In these cases it was held or stated obiter that a failure to set out a literal copy of the document is a defect of substance and not of form. The more modern view, we think, is to the contrary. In United States v. Goldsmith, 2 Cir., 68 F.2d 5, 7, certiorari denied 291 U.S. 681, 54 S.Ct. 559, 78 L.Ed. 1068, the defendant was charged with uttering a forged instrument under § 28 of the Criminal Code, 18 U.S.C.A. § 72, and the indictment did not set out in full the instrument alleged to have been uttered as a forgery. This was urged as a fatal defect. The court held, in a well-reasoned opinion, that "the defect in pleading was one which could be cured by verdict." We agree with the result; and we perceive no reason why the rule is not applicable to a threatening letter as well as a forgery. In the instant case all the necessary facts can be found by fair construction within the terms of the indictment. See, also, Sparks v. United States, 6 Cir., 90 F.2d 61, 63; Nicholson v. United States, 8 Cir., 79 F.2d 387, 389; and compare Corbett v. United States, 8 Cir., 89 F.2d 124, 127; Hewitt v. United States, 8 Cir., 110 F.2d 1, 5; Muench v. United States, 8 Cir., 96 F.2d 332, 335; Kane v. United States, 8 Cir., 120 F.2d 990, 992.

Appellant insists that prejudice results because he may be exposed to a second prosecution for the same offense, in which case upon a plea of double jeopardy he could not identify the "communication" upon which the present charge is based for the reason that it is insufficiently described in the indictment. The indictment sets out

the date the letter was mailed, the name of the addressee and by reference the nature of its contents. It does not state the date on which it was written, the place where it was written nor the name of the person, if any, who signed it. These are not essentials of the offense. The crime was complete even though the letter bore no date and the name of the author and the place where it was written were unknown. There could in fact be no confusion for any of the reasons assigned. It does not appear that another letter of the same kind was at any time sent or received. The fact that the defendant upon reading the indictment recognized the letter referred to and made no objection to the description at the time indicates the want of merit in his present criticism. The date on which the indictment letter was sent, the name of the addressee and the reference to its contents in the indictment constitute a sufficient identification. See Scheib v. United States, 7 Cir., 14 F.2d 75, 77; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; State v. Stewart, 90 Mo. 507, 2 S.W. 790; Corbett v. United States, supra.

 Other alleged defects in the indictment are argued, but they are not substantial. It is claimed, for example, that the indictment failed to charge that the pamphlet which defendant threatened to distribute contained false representations and that defendant knew them to be false. These matters are not elements of the offense defined in the statute. They are, therefore, immaterial. Warren v. United States, 8 Cir., 183 F. 718, 33 L.R.A.,N.S., 800; Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; State v. McCabe, 135 Mo. 450, 37 S.W. 123, 34 L.R.A. 127, 58 Am.St.Rep. 589.

 Again, it is argued that an "injury" means the violation of one's legal rights; that there is no claim that any legal right of the addressee, Aluminum Association, was violated; that the statements in the letter and pamphlet are true; that the defendant had a right to distribute them; and that a threat to do something which a person has a right to do is not a threat in a legal sense. None of these alleged omissions constitutes defects open to attack after verdict and in this court. None of them is an essential element of the offense. In so far as they relate to burden of proof the defendant's rights could be protected in the charge to the jury. The instructions of the court are not set out in the transcript of record. In such circumstances we presume that, if requested, the court properly instructed upon all these matters and that the jury found against defendant upon all of them. Hagner v. United States, supra, 265 U.S. at page 433, 52 S.Ct. 417, 76 L.Ed. 861.

Affirmed.