## McCOY v. PESCOR, Warden.
### No. 12894.

Circuit Court of Appeals, Eighth Circuit.

Nov. 3, 1944.

Flay E. Randle, of Springfield, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from an order of the district court denying a petition for a writ of habeas corpus.

The petitioner is at present detained in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under sentences imposed by the United States District Court for the Western District of Texas, following his trial and conviction on two indictments returned in that court. The first indictment in one count charged the appellant as follows:

"That heretofore, to-wit, on or about the 5th day of October, A.D., 1934, in

the County of Bexar, State of Texas, Western District of Texas, San Antonio Division thereof, and within the jurisdiction of this Court, and on land and within the military reservation known as Fort Sam Houston, Texas, a place under the exclusive jurisdiction of the United States, Jack Arthur McCoy, with intent to extort money and pecuniary advantage of Alfred C. Wright, did unlawfully threaten to publish a statement respecting the said Alfred C. Wright, which would come within the meaning of libel, to-wit, to publish of and concerning the said Alfred C. Wright a statement as follows, to-wit, that he, the said Alfred C. Wright, was a 'queer'; the said Jack Arthur McCoy then and there well knowing that such appellation was synonymous with and imputed sexual perversion, contrary to the from of the statute in such cases made and provided, and against the peace and dignity of the United States of America."

To this indictment petitioner entered a plea of not guilty. On his trial, at which he was represented by counsel, he was convicted and sentenced to two years imprisonment. The second indictment in seven counts was returned against appellant while he was serving the sentence imposed under the first indictment. The first count of this indictment was dismissed. The petitioner on his plea of guilty to the remaining counts received sentences aggregating eight years, to begin at the expiration of the sentence imposed at his first trial. Counts 2 to 6, inclusive, of the second indictment were in all respects identical with the charge in the first indictment, except as to the dates of the crimes charged and the name of the intended victim of the alleged extortion. The seventh count charged petitioner and others with conspiracy to commit the crimes alleged in counts 2 to 6.

The charge in the first indictment and the charges in counts 2 to 6, inclusive, of the second indictment, are based on a statute of Texas which the United States has adopted (Title 18 U.S.C.A. § 468) as applicable to acts committed in the territorial limits of the State but on lands acquired for the exclusive use of the United States and under its exclusive jurisdiction, in cases in which the acts done are not made penal by any law of Congress, but which, if done within the jurisdiction of the State, would be penal under

State law. The adopted section of the Texas Penal Code, Article 1301, is:

"Whoever with intent to extort money or any pecuniary advantage shall threaten to accuse another of a felony before any court, or to publish any other statement respecting him which would come within the meaning of libel, shall be punished in the manner set forth in Article 1299."

By Article 1299 of the Texas Penal Code the punishment for the crime denounced in Article 1301 is an imprisonment of not exceeding two years or a fine of not exceeding $2,000. Article 1276 of the Texas Penal Code declares that:

"A libel may be either written, printed, engraved, etched, or painted, but no verbal defamation comes within the meaning thereof; and whenever a defendant is accused of libel by means of a painting, engraving, or caricature, it must clearly appear therefrom that the person said to be defamed was, in fact, intended to be represented by such painting, engraving, or caricature."

The petitioner contends that the first indictment and counts 2 to 6 of the second indictment are fatally defective in that they do not charge a crime against the United States, and that therefore the district court was without jurisdiction in respect to these charges. If this contention is sustained, petitioner says that count 7 of the second indictment falls also, since, if no crime was charged in counts 2 to 6 of the indictment, petitioner can not be charged with a conspiracy to commit the acts alleged in these counts. The defects in the first indictment and in counts 2 to 6 of the second indictment on which the petitioner relies are: (1) The failure in either of the counts to allege that the purported defamatory statement was written, printed, engraved, etched, or painted; (2) the failure to charge directly and positively that the purported threatened defamatory statement came within the meaning of libel; and (3) the failure to charge directly the meaning of the word "queer."

We think the questioned counts in both indictments, for jurisdictional purposes, sufficiently charge the elements of the crime denounced by article 1301 of the Texas Penal Code which, by virtue of 18 U.S.C.A. § 468, is the law of the United States applicable in this case, when, as here, the attack on them comes after judg-

262

ment. Keys v. United States, 8 Cir., 126 F.2d 181. Necessary facts may be drawn by reasonable inference from the allegations of an indictment where its sufficiency is not questioned at the trial but only after conviction. Johnston v. United States, 9 Cir., 145 F.2d 137. Moreover, "on habeas corpus, the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. If there is a federal offense which the indictment apparently attempts to charge, and the court has jurisdiction over such offense and over the person of the accused, the sufficiency of the indictment is not open to challenge on habeas corpus." Welch v. Hudspeth, 10 Cir., 132 F.2d 434, 435; Meeks v. Kaiser, 8 Cir., 125 F.2d 826, 827; Moore v. King, 8 Cir., 130 F.2d 857, 859; Buie v. King, 8 Cir., 137 F.2d 495, 500; Blount v. Huff, App.D.C., 144 F.2d 21. In a habeas corpus proceeding the question before the court is not whether the indictment might or should have been made more certain, but whether it sufficiently charges a crime within the jurisdiction of the court. The sufficiency of the indictments under which the petitioner was charged and convicted, the construction of the indictments, and the elements of the offense sought to be charged are all matters for the trial court on which its judgment, if erroneous, is reviewable only by appeal. In the decisions of this court relied on by the appellant (Jones v. United States, 8 Cir., 19 F.2d 316, and Davidson v. United States, 8 Cir., 61 F.2d 250) the sufficiency of the indictments involved was decided on appeal. For that reason these cases are not in point.

[6] Petitioner argues that the question here is controlled by the decisions of the Texas courts regarding the sufficiency of indictments under the adopted Texas statute. The Texas cases relied on by petitioner (Atchley v. State, 56 Tex.Cr.R. 569, 120 S.W. 1010; Walker v. State, 127 Tex. Cr.R. 335, 76 S.W.2d 1050) are distinguishable on the facts. The points involved were also raised in the trial courts and decided on appeal. The Texas decisions, however, are not controlling. Prosecutions under 18 U.S.C.A. § 468, "are not to enforce the laws of the state, territory, or district, but to enforce the federal law, the details of which, instead of being recited, are adopted by reference."·

People of Puerto Rico v. Shell Co., 302 U.S. 253, 266, 58 S.Ct. 167, 173, 82 L.Ed. 235.

The judgment of the district court is affirmed.