**STATE of Missouri, Respondent,**

v.

**Earl Arthur LOWE, Appellant.**

No. 49354.

Supreme Court of Missouri,

Division No. 2.

Feb. 11, 1963.

Motions for Special Order Pursuant to Rule 28.07 and for Rehearing Denied March 11, 1963.

Richard S. Sundeen, Parkville, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul A. Slicer, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

BOHLING, Commissioner.

Earl Arthur Lowe was found guilty of robbery in the first degree (§ 560.120), and

was sentenced to ten years' imprisonment (§ 560.135). (Statutory references are to RSMo 1959 and V.A.M.S.)

The jury returned its verdict on December 12, 1961. On January 10, 1962, defendant's motion for new trial was overruled; and, thereafter on said day, allocution was granted defendant, and judgment was entered in accordance with the verdict of the jury.

■■■ The judgment in this case became final for the purposes of appeal on its entry, January 10, 1962. State v. Morrow, Mo., 316 S.W.2d 527 [1]. Defendant's notice of appeal was filed on February 9, 1962, thirty days after the judgment became final. Supreme Court Rule 28.03, V.A.M.R., provides that an appeal in a criminal case "shall be taken by filing a notice of appeal * * * within the same time after final judgment as provided for civil cases." Notices of appeal in civil cases are required to be "filed not later than ten days after the judgment * * * appealed from becomes final." Supreme Court Rule 82.04; § 512.050. Franklin v. Franklin, Mo.App., 344 S.W.2d 282 [2, 3]. Supreme Court Rule 31.02, while authorizing the enlargement of the time for certain acts by the courts, provides "but the court may not enlarge the period * * * for taking an appeal as provided in these Rules." There is nothing in this record to indicate that this is an appeal by special order under Criminal Procedure Rule 28.07. We are governed by the approved transcript filed in this court. It was this defendant's duty to see to it that a proper transcript was prepared, transmitted to and filed here. Rule 28.08; § 547.120; State v. Kelsay, Mo., 18 S.W. 2d 491 [4, 5]; State v. Steenbergen, 334 Mo. 880, 68 S.W.2d 684 [1]; State v. Hite, Mo., 298 S.W.2d 411 [5].

■■■ The notice of this appeal should have been filed within ten days after the judgment became final; that is, after its entry. It was not timely filed, having been filed thirty days thereafter. State v. Rob-

bins, Mo., 269 S.W.2d 27, stating l. c. 29, "The timely filing of a notice of appeal is 'the vital step' for perfecting an appeal and is necessary to invoke appellate jurisdiction"; State v. Morrow, Mo., 316 S.W. 2d 527 [3]; State v. Henderson, Mo., 344 S.W.2d 96 [1, 2]; State v. Crocker, Mo., 335 S.W.2d 32 [3]. Defendant's notice of appeal did not vest this court with appellate jurisdiction and the appeal must be dismissed.

The appeal is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.