William **MALLORY**, Petitioner,

v.

E. E. **HAYNES**, Superintendent, Missouri Training Center for Men, Moberly, Missouri, Respondent.

Civ. A. No. 18257-3.

United States District Court, W. D. Missouri, W. D.

April 20, 1970.

---

William Mallory, pro. se.

No response by respondent required.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri Training Center for Men, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction for first degree robbery on the ground that it was secured in violation of his federally protected rights. The petition herein was originally filed in the United States District Court for the Eastern District of Missouri, where petitioner was granted leave to proceed in forma pauperis. It was transferred to this Court under the provisions of Section 2241(d), Title 28, U.S.C., because petitioner had been convicted of first degree robbery in the Circuit Court of Jackson County.

Petitioner states that he was convicted of first degree robbery by a jury in the Circuit Court of Jackson County; that he was sentenced on that conviction to a term of ten years' imprisonment on April 13, 1967; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court; that the Missouri Supreme Court affirmed the conviction and sentence on appeal (State v. Mallory, Mo., 423 S.W. 2d 721); and that the information on which he was convicted read as follows:

"Now comes Sam Modica, Assistant Prosecuting Attorney for the State of Missouri, in and for the body of the County of Jackson, and upon his oath informs the Court, that William Mallory whose Christian name in full unknown to said Sam Modica, Assistant Prosecuting Attorney, on the 12th day of May, 1966, at the County of Jackson and State of Missouri, with force and arms, in and upon one Rufus Travis Calloway unlawfully and feloniously did make an assault with a dangerous and deadly weapon, to-wit; Gun loaded with gunpowder and leadenballs, and One billfold of the value of two dollars and no/100 ($2.00), Forty Two Dollars and 60/100 lawful money of the United States of America, of the aggregate value of forty four dollars and 60/100 ------ Dollars, the money, goods, chattels and personal property of the said Rufus Travis Calloway, from the person and in the presence and against the will of the said Rufus Travis Calloway, and by putting the said Rufus Travis Calloway

in fear of an immediate injury to his person, felonious did rob, steal, take and carry away; against the peace and dignity of the State."

Petitioner contends that the information is "so confusing and nonsensical as to not be a plain, concise and definite statement of the essential facts constituting the offense charged and is therefore an unconstitutional denial of due process of law in that it did not notify petitioner of the nature and cause of the accusation against [him]"; that such constituted a denial of due process in violation of the Fourteenth Amendment of the United States Constitution; that the information further violated "Article I, Section 18(a) of the Missouri Constitution, V.A. M.S., which is homologous to the Sixth Amendment of the United States Constitution [which] requires that the accused must be advised of the nature and cause of the accusation against him, and Missouri Criminal Rule 24.01, V.A.M.R. [which] provides that an Information shall be a *plain, concise* and *definite* written statement of the essential facts constituting the offense charged" (emphasis petitioner's); that the information did not state all of the elements of first degree robbery as set out in Section 560.120 RSMo, V.A.M.S.; and that the information "may be given many meanings, but that the Information can in no case be said to be a plain, concise and definite statement of the essential facts."

■ In respect of this contention, petitioner has exhausted his currently available state remedies. The Missouri Supreme Court considered this contention and ruled on it adversely to petitioner on petitioner's direct appeal from his conviction and sentence. See State v. Mallory, *supra*. In making its ruling, the Missouri Supreme Court stated:

"[T]he information here is all but identical with several other informations that have been set forth in full or narrated (State v. Medley, 353 Mo. 925, 185 S.W.2d 633; State v. Kelly, Mo., 107 S.W.2d 19) and it is not necessary to encumber this record by set-

ting forth this one. The language in many respects is medieval and it has been said that '(t)he form of the information is archaic and its continued use is not to be commended' but even so the court in that case held that the 'allegations of the information refute the charges that it failed to allege ownership and that the "injured party" was the owner or agent in charge of the property. * * * The information alleges all essential elements of the crime sought to be charged, and clearly informed him of the nature and cause of the accusation against him. * * * There is no merit in his contention that the information charges that the articles stolen (two revolvers and $1800.00 in money) were used to make the assault and for that reason was fatally defective.' And finally the court said, 'Actually, defendant's attack upon the information in this particular is no more than an objection to its form; not that it lacks an essential element or that it fails to inform him of the offense with which he was charged. The form of the information does not in any respect tend to prejudice substantial rights of defendant, and such objection as he may have to alleged imperfections in its form should have been made before his plea of guilty.' State v. Benison, Mo., 415 S.W.2d 773, 776." 423 S.W.2d at 722–723.

Therefore, petitioner has exhausted his currently available state remedies with regard to the contention he seeks to raise in the petition in this case. See White v. Swenson (W.D.Mo.) 261 F. Supp. 42, 63.

■ Petitioner, however, by the above allegations and contentions, does not state the denial of any of his federally protected rights. In respect of the sufficiency of the indictment or information and its form, the law applicable in federal courts is that "it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, 285 U.S. 427,

52 S.Ct. 417, 76 L.Ed. 861, 866; Hopper v. United States (C.A.9) 142 F.2d 181, 185; Harris v. United States (C.A.8) 104 F.2d 41; Keys v. United States (C.A.8) 126 F.2d 181, cert. den. 316 U.S. 694, 62 S.Ct. 1296, 86 L.Ed. 1764. Although the information is in archaic language and awkward form, it unmistakably alleges that the petitioner made an assault on Rufus Travis Calloway by means of a dangerous and deadly weapon, a loaded gun, and that he took and carried away, feloniously robbed and stole from Rufus, by putting him in fear of immediate injury, personal property of the aggregate value of $44.60. This sufficiently states all the elements of the offense of first degree robbery under Missouri law. Section 560.120, RSMo; State v. Neal, Mo., 416 S.W.2d 120. Petitioner, however, attempts to read confusion into the grammatical construction and syntax of the information by contending that:

"The Information seems to charge the petitioner with forcefully assaulting Rufus Travis Calloway with several things, to-wit: An old fashioned loaded gun (declared to be a dangerous and deadly weapon), a billfold worth two dollars, and $42.60 in lawful money; it further alleges that these weapons were owned by Rufus Travis Calloway and were all worth a total of $44.60, and then it is alleged that from the person and in the presence against the will of Rufus Travis Calloway, by force and violence to Rufus and by putting Rufus in fear of an immediate injury to his person, someone robbed, stole and took and carried away something."

But it is plain from any reading of the information that, in archaic form, the grammatical objects describing the personal property stolen are placed before, instead of after, the compound verb "rob, steal, take and carry away." Further, because of the comma placed after "Gun loaded with gunpowder and leadenballs," it is clear that the descriptions of personal property which follow are meant to be part of a coordinate clause of a compound sentence rather than as listings of other instruments by which the assault on the victim was allegedly made. "[A]ll the necessary facts can be found by fair construction within the terms of the indictment." Keys v. United States, supra, 126 F.2d at 184. Therefore, petitioner does not state the denial of any federally protected right and his petition herein for habeas corpus must be denied.

It is therefore

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.