**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Ernst VON DER LINDEN, Jr.,**
**Defendant-Appellant.**

**No. 77–1275.**

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 1977.

---

Larry A. Brown, Eugene, Or., for defendant-appellant.

Sidney I. Lezak, U.S. Atty., Marc D. Blackman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before GOODWIN and ANDERSON, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Appellant was convicted of the use of an interstate communication in an attempt to extort $25,000.00. 18 U.S.C. § 875(d).[1] Appellant threatened to reveal facts damaging to the reputation of another person unless he was paid $25,000.00. In the same conversation, he also defamed the character of a friend; these allegations were unrelated to the extortion attempt.

At trial, appellant denied he intended to extort money, explaining the conversation

as an emotional quarrel. The jury apparently disbelieved this explanation. On appeal, he contends evidence showing the truth of the aforementioned allegations should have been admitted by the trial judge.

[1, 2] As a general rule, the truth of damaging allegations underlying a threat to injure the reputation of another is no defense to a charge of extortion. *Wilson v. Oklahoma* (Okl.Cr.1957), 306 P.2d 717, 731; *State v. Harrington*, 128 Vt. 242, 260 A.2d 692 (1969). *See also, Keys v. United States*, 126 F.2d 181 (8th Cir. 1942), *cert. denied*, 316 U.S. 694, 62 S.Ct. 1296, 86 L.Ed. 1764 (1942); *United States v. Pignatelli*, 125 F.2d 643 (2d Cir. 1942), *cert. denied*, 316 U.S. 680, 62 S.Ct. 1269, 86 L.Ed. 1754 (1942). The language of § 875(d) is consistent with the general rule, and appellant has offered no reason why, under the facts here, the general rule should not be applied. Therefore, the evidence related to the extortion allegations was properly excluded.

█ Appellant also contends he should have been allowed to prove that the defamatory remarks he made about his friend were true. Appellant's argument is that the jury assumed he was a malicious liar capable of extortion because the allegations he made were never proven true. Inasmuch as it is unlikely the jury made such an unfounded assumption to defendant's prejudice, the evidence had little or no probative value and was properly excluded. *See* Fed. Rules Evid. Rule 403, 28 U.S.C.A. It is the hallmark of criminal prosecutions that relevant incriminating evidence prejudices a defendant. Defendant would be guilty whether the defamatory statements were true or untrue. It is the intent and purpose of their use that is important.

AFFIRMED.

---

* The Honorable Leland C. Nielsen, United States District Judge, Southern District of California, sitting by designation.

1. The indictment, tracking the pertinent language of 18 U.S.C. 875(d), charged as follows: "On or about July 24, 1976, in the District of Oregon, the defendant GEORGE ERNST Von der LINDEN, JR., wilfully, knowingly and with intent to extort from Melvin Gode a sum of money, namely $25,000.00, did transmit in interstate commerce from Eugene, Oregon, to Willmar, Minnesota, by telephone a communication containing a threat to injure the property and reputation of Melvin Gode; all in violation of Title 18, United States Code, Section 875(d)."